# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

IVY FEATHERSTONE,

      Plaintiff,

      v.

HANK GRAHAM,

      Defendant.

Case No. 2:08-cv-690
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment (Doc. # 16) filed by Defendant, Hank Graham, a memorandum in opposition (Doc. # 17) filed by Plaintiff, Ivy Featherstone, and a reply memorandum (Doc. # 18) filed by Defendant. For the reasons that follow, the Court finds the motion well taken.

## I. Background[1]

Defendant, Hank Graham, is an employee in the City of Columbus' Transportation Division. On July 14, 2008, Defendant came to a home owned by Plaintiff, Ivy Featherstone, in response to a complaint from Code Enforcement. Defendant proceeded to remove several yard

---

[1] The Court has culled the facts set forth in the Background section of this Opinion and Order based on any proper summary judgment evidence before the Court and on the parties' briefing. Use of the latter has proven necessary because the parties have supplied this Court with scant evidence setting forth the facts. Accordingly, the Court has attempted to set forth a general statement of the facts sufficient to inform any reader as to the broad details of this litigation. The general account of alleged events contained within the background statement should not be read as setting forth facts necessarily even before the Court for summary judgment purposes. In other words, some of the included details necessary to present a coherent picture of the alleged facts are not part of what the Court can consider in today's analysis. The issue of unsupported facts is not of paramount importance here, however, because given the analysis involved, today's decision does not turn on the unsupported factual allegations.

signs that Plaintiff had in his yard. The following day, Plaintiff received a letter stating that the signs had been in violation of Columbus City Code Section 902.02, which prohibits signs obstructing sidewalks or streets.

Plaintiff subsequently filed the instant action in July 2008. In his Complaint, Plaintiff claims that Defendant admitted to Plaintiff that the signs were not obstructing the sidewalks or the street, that Defendant had acted based on the content of the signs, and that Defendant could pick and choose which signs to remove in the neighborhood. Plaintiff therefore asserts a claim under 42 U.S.C. § 1983 for violation of his constitutional rights. Defendant has filed a motion for summary judgment. (Doc. # 16.) Briefing on the motion has ended, and the motion is now ripe for disposition.[2]

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact

---

[2] The Court notes that Defendant filed his motion for summary judgment on July 13, 2009. (Doc. # 16.) Plaintiff then filed a memorandum in opposition (Doc. # 17) on July 20, 2009, and Defendant filed a reply memorandum (Doc. # 18) on July 27, 2009. These filings constituted the complete cycle of motion-related briefing permitted by the Local Civil Rules. *See* S. D. Ohio Civ. R. 7.2(a)(1) & (2). On August 3, 2009, however, Plaintiff filed a document titled "Plaintiff's Reply to Defendant's Second Memorandum for Summary Judgment – Summary Judgment Must be Denied." (Doc. # 19.) This last filing constitutes a surreply filed without obtaining leave of court. *See* S. D. Ohio Civ. R. 7.2(a)(2) ("No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."). Accordingly, the Court **STRIKES** the surreply. See Adams v. Noble, 137 F. Supp. 2d 1054, 1056 (S.D. Ohio 2001) (striking surreply filed in contravention of local rule). The Court notes that it has reviewed the filing, however, and that even if the document were properly before this Court for consideration, its contents would not preclude summary judgment based on the reasoning contained herein.

and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

**B. Analysis**

Plaintiff's case consists of a claim under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, in order to prevail on a § 1983 claim, Plaintiff must show that, while acting under color of state law, Defendant deprived him of a right secured by the Federal Constitution or laws of the

3

United States. *See Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).

Defendant's initial argument for summary judgment asserts that Plaintiff has named Defendant in his official capacity and only in his official capacity while failing to point to evidence establishing such a viable official-capacity claim. Because suing Defendant in his official capacity is simply seeking to impose liability on the City of Columbus, Defendant reasons, Plaintiff must point to the existence of a policy, custom, or practice responsible for Defendant's allegedly improper conduct. *See Monell v. New York City Department of Social Services,* 436 U.S. 658, 691 (1978); *Garner v. Memphis Police Dept.*, 8 F.3d 358, 363-64 (6th Cir. 1993). Defendant argues that Plaintiff has wholly failed to point to any such policy, custom, or practice.

In his memorandum in opposition, Plaintiff counters that he is suing Defendant in Defendant's individual capacity. Defendant argues in his reply that such an assertion belies the pleading, contradicts Plaintiff's prior characterization of the case, and is simply an after-the-motion attempt to evade summary judgment.

Plaintiff's Complaint on its face does not specifically state that he has alleged a claim against Defendant in Defendant's individual capacity. But there is no requirement that a plaintiff use magic words to assert a suit against a defendant in his or her individual capacity; rather, what is necessary is fair notice to a defendant of potential personal liability. *Moore v. City of Harriman*, 272 F.3d 769, 772 (6th Cir. 2001). Thus, when a complaint lacks an affirmative statement naming a defendant in his or her individual capacity, a court will apply a course of proceedings test to determine whether a plaintiff has put that defendant on notice of an intent to hold him or her personally liable. *Id*.

4

Under the course of proceedings inquiry, a court will look at

> such factors as the nature of the plaintiff's claims, requests for compensatory or punitive damages, and the nature of any defenses raised in response to the complaint, particularly claims of qualified immunity, to determine whether the defendant had actual knowledge of the potential for individual liability. The test also considers whether subsequent pleadings put the defendant on notice of the capacity in which he or she is sued.

*Moore*, 272 F.3d at 772 n.1 (citation omitted). *See also Garcia v. Dykstra*, 260 F. App'x 887, 894 (6th Cir. 2008). The Court therefore begins with the pleadings.

While naming only one defendant in the case caption, Plaintiff's Complaint provides:

> This is an action against government officials under 42 U.S.C. 1983: Municipal Liability:
>
> Plaintiff's First and Fourteenth Amendments were violated. (1) The Defendants acted under the color of state law and (2) the officials' conduct deprived the Plaintiff of a rights secured by the Constitution or a Federal statute. These officials acted under a color or [*sic*] state law when they exercised power possessed by virtue of state law and made possible only because the wrongdoers are clothed with the authority of state law.

(Doc. # 4, at 1.) Plaintiff's pleading contains a prayer for "damages in the amount of $25,000 and also punitive damages of an equal amount on [*sic*] as the Court sees fit," (Doc. # 4, at 2.)

In this case, as in *Moore*, the Complaint caption identifies Defendant only by name and not his official title. The *Moore* complaint also referred to the officers in that case as the "individual defendants," whereas Plaintiff's Complaint contains ambiguous language susceptible of interpretations supporting an official capacity claim and *perhaps* an individual capacity claim. Also, unlike in *Moore*, there is no assertion here that the officers were "acting *for themselves and for the* [State]." *Moore*, 272 F.3d at 773.

Setting aside momentarily the issue of the relief Plaintiff requests, the instant complaint is therefore arguably closer to the pleading at issue in *Shepherd v. Wellman*, 313 F.3d 963 (6th

5

Cir. 2002). In that case, the court of appeals explained:

> We cannot say that either the original complaint or the first amended complaint placed Wellman on notice that he was being sued as an individual. If anything, the complaint suggests that Wellman was being sued in his official capacity. The amended complaint alleges that "Defendant Commissioner Billy Wellman at the time of the shooting of Gary Shepherd had overall charge of and supervisorial [sic] responsibility over the Kentucky State Police and was responsible for the training and supervision of officers in it." The complaint goes on to allege that the "murder" of Gary Shepherd "was clearly committed under color of state law." In the complaint, the plaintiffs also allege that Wellman "had supervisorial [sic] responsibility" over the KSP Special Response Team and was "charged with legal responsibility for the adequacy or inadequacy of its training and supervision."

*Id.* at 968-69. Although Plaintiff's Complaint falls somewhere between the pleadings in *Moore* and *Shepherd*, the allegations here are closer to *Shepherd* in that they fail to focus on individuality.

The Court recognizes that Defendant included an "Affirmative Defenses" section in his Answer in which he stated that he "is sued in his official capacity and as such is not subject to punitive damages." (Doc. # 8, at 2.) Notably, Defendant did not also raise the defense of qualified immunity in his Answer. A Magistrate Judge in the Northern District has explained why raising such a defense would be significant:

> Defendants' answer raised the defense of qualified good faith immunity, a defense only appropriate in a suit brought against an official in an individual capacity. See, e.g., *Pray v. City of Sandusky,* 49 F.3d 1154 (6th Cir.1995); *Knight v. Gill,* 999 F.2d 1020 (6th Cir.1993); *Johnson v. Estate of Laccheo,* 935 F.2d 109 (6th Cir.1991). The defense is unnecessary in a suit brought against a defendant in an official capacity because suing a public official in an official capacity for acts is equivalent to suing the government entity. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). If defendants were not aware of the possibility that they were being sued in their individual capacity, they would not have raised the defense of good faith immunity in their answer.

*XXL of Ohio, Inc. Commerce v. City of Broadview Heights*, 341 F. Supp. 2d 765, 818 (N.D. Ohio

2003). That Magistrate Judge also cited, however, the presence of numerous *other* factors, all absent here, in finding sufficient notice of an individual capacity claim under a course of proceedings inquiry.

The Court recognizes that the Sixth Circuit Court of Appeals has also given the assertion of qualified immunity considerable weight. In *Lindsay v. Bogle*, for example, the appellate court addressed a complaint that did not specify in what capacity the plaintiff was suing various police officers. 92 F. App'x 165, 168 (6th Cir. 2004). Undertaking a course of proceedings analysis, that court noted a request for monetary relief and reasoned that "the assertion of a qualified-immunity defense (even a *contingent* qualified-immunity defense) indicates that the defendants were aware they could be held personally liable." *Id.* at 169 (citing *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)). This led the appellate court to conclude that "[t]o the extent doubt persists that this combination of factors warrants construing the complaint as one against the defendants individually, this doubt should be resolved in [the plaintiff's] favor as a pro se plaintiff." *Id.*

Despite Plaintiff's *pro se* status here, compelling support for concluding that Plaintiff did not assert an individual capacity claim thus exists based on the pleadings as discussed above. Moreover, as Defendant notes, persuasive support also exists outside the pleadings.

Plaintiff seeks monetary damages in his Complaint as noted above. The complaint at issue in *Shepherd* did as well, and the Sixth Circuit explained:

> Indeed, the plaintiffs' request for monetary damages is the only indication that they might be suing Wellman in his individual capacity. Although *Moore* recognizes that the request for monetary damages is one factor that might place an individual on notice that he is being sued in his individual capacity, we do not read that case as holding that a request for money damages is alone sufficient to place a state official

7

> on notice that he is being sued in his individual capacity. To so hold would be inappropriate, because the rest of the complaint so strongly suggests an official capacity suit. Furthermore, unlike in *Moore,* there were no subsequent pleadings in this case that put the defendant on notice that he was being sued as an individual.

*Id.* at 969. Requesting compensatory and punitive damages in the complaint provides "some notice" of an intent to hold a defendant personally liable. *Rodgers v. Banks*, 344 F.3d 587, 594 (6th Cir. 2003). This evidence is not dispositive. For example, the plaintiff in *Rodgers* had sought such damages, but the Sixth Circuit concluded that "[h]aving applied the course of proceedings test, we hold that insufficient indicia exists in the original complaint and amended complaint suggesting that Defendant was on notice that [Defendant] was being sued in her individual capacity." *Id.* at 595.

Informing interpretation of Plaintiff's requested relief is a document Plaintiff filed on August 5, 2008, which is titled as a "Response to Hank Graham." (Doc. # 9.) In this filing, Plaintiff states that "[s]ince Defendant is responding in his official capacity and as such is not subject to punitive damages Plaintiff would like to increase Plaintiff's money demand to $50,000." (Doc. # 9, at 2.) This document, although extrinsic to the pleadings, informs interpretation of the pleadings by indicating that Plaintiff recognized that, at the least, Defendant thought this was an official capacity case, and, at most, that Plaintiff had intended to bring only an official capacity case (at least until he received the motion for summary judgment). Plaintiff could have but did not clarify on August 5, 2008, that he had asserted an individual capacity claim.

To support his belated characterization of this case, Plaintiff cites to his interrogatory answer that he was suing Defendant "as a private citizen." Whether this answer means that

8

Plaintiff, a private citizen, is bringing suit or that Defendant is being sued as a private citizen (meaning in his individual capacity) is unclear. As such, it provides insufficient notice to Defendant of an official capacity claim.

Based on the foregoing, this Court concludes that insufficient indicia exists to conclude that Defendant was on notice of an individual capacity claim so as to subject Defendant to personal liability. Rather, the Complaint contains only an official capacity claim that falls under *Monell*. The Sixth Circuit has explained that "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.' " *Garner*, 8 F.3d at 363-64.(quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987). Plaintiff has failed to identify *any* evidence pointing to *any* underlying policy, custom, or practice that caused any claimed constitutional deprivation in the enforcement of the content-neutral city code provision under which Defendant acted.

Defendant is therefore entitled to summary judgment.[3]

---

[3] Having reached this conclusion, the Court need not and does not address the alternative qualified immunity argument that Defendant presents in his reply memorandum if this Court determined that Plaintiff had raised an individual capacity claim.

### III.  Conclusion

This Court **GRANTS** Defendant's motion for summary judgment.  (Doc. # 16.)  The Clerk shall enter judgment accordingly and terminate this case upon the docket records of the United States District Court for the Southern District of Ohio, Eastern Division, at Columbus.

**IT IS SO ORDERED**.

                                           /s/ Gregory L. Frost
                                       GREGORY L. FROST
                                       UNITED STATES DISTRICT JUDGE