UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**IVY FEATHERSTONE,**

    **Plaintiff,**

    **v.**

**HANK GRAHAM,**

    **Defendant.**

Case No. 2:08-cv-690
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

**OPINION AND ORDER**

This matter is before the Court for consideration of a motion for summary judgment (ECF No. 32) filed by Defendant, Hank Graham, a memorandum in opposition (ECF Nos. 33, 34) filed by Plaintiff, Ivy Featherstone, and a reply memorandum (ECF No. 35) filed by Defendant.[1] For the reasons that follow, the Court finds the motion well taken in part.

**I.  Background**

Defendant, Hank Graham, is an employee in the City of Columbus, Department of Public Service, Transportation Division.  On July 14, 2008, Defendant came to a home owned by Plaintiff, Ivy Featherstone, in response to a complaint from Code Enforcement.  Defendant proceeded to remove several yard signs that belonged to Plaintiff.  The following day, Plaintiff received a letter stating that the signs had been in violation of Columbus City Code Section 902.02, which prohibits signs obstructing sidewalks or streets and placing signs in the right-of-way.

Proceeding *pro se*, Plaintiff subsequently filed the instant action in July 2008.  In

---

[1] All pinpoint references to page numbers of documents filed on the electronic docket shall be to the original page numbers of the documents involved, not to the page numbers assigned by the electronic filing system.

December 2009, this Court granted summary judgment in Defendant's favor. (ECF No. 21.) On appeal, the Sixth Circuit reversed this Court after accepting Plaintiff's representations that he had intended to assert a 42 U.S.C. § 1983 individual capacity claim against Defendant. (ECF No. 24.) Following remand, Plaintiff filed an amended complaint in which he dropped his jury demand and clarified that he was indeed asserting an individual capacity § 1983 claim against Defendant for violation of his First, Fourth, and Fourteenth Amendment rights. (ECF No. 28.) Defendant again filed a motion for summary judgment. (ECF No. 32.) The parties have completed briefing on the motion, which is ripe for disposition.

## II. Discussion

### A. Standard Involved

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial. *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Summary Judgment Briefing

A threshold issue necessitating discussion is what briefing is properly before this Court in regard to Defendant's latest motion for summary judgment. The briefing in regard to this motion is notably similar to the briefing on the prior motion for summary judgment. After briefing had ended on the prior motion, Plaintiff filed a sur-reply memorandum that this Court struck in its December 11, 2009 Opinion and Order. (ECF No. 21, at 2 n.2.) Despite the Court explaining how Plaintiff had erred by filing a sur-reply without first obtaining leave to do so, Plaintiff has inexplicably repeated the same mistake in regard to the latest summary judgment briefing.

Defendant filed his motion for summary judgment on January 10, 2011. (ECF No. 32.) Plaintiff then filed two documents that, charitably construed, can be regarded as his memorandum in opposition with a supporting affidavit. (ECF Nos. 33, 34.) Defendant elected to "construe these documents jointly to constitute Plaintiff's memorandum in opposition" (ECF. No. 35, at 1) and Plaintiff did not object to this treatment but proceeded to treat Defendant's intended reply memorandum as just that (ECF No. 36, at 1). This Court shall therefore recognize the multi-part memorandum in opposition and the reply memorandum, which means that the latter filing concluded all motion-related briefing permitted by the Local Civil Rules without a party obtaining leave to file an additional brief. *See* S. D. Ohio Civ. R. 7.2(a)(1) & (2).

On January 27, 2011, however, Plaintiff filed a document that he explains is a response to Defendant's reply memorandum. (ECF No. 36, at 1.) Similar to his prior circumvention of the rules, Plaintiff filed this sur-reply without obtaining leave of court. *See* S. D. Ohio Civ. R. 7.2(a)(2) ("No additional memoranda beyond those enumerated will be permitted except upon leave of court for good cause shown."). Accordingly, the Court **STRIKES** the sur-reply (ECF No. 36). *See Adams v. Noble*, 137 F. Supp. 2d 1054, 1056 (S.D. Ohio 2001) (striking sur-reply filed in contravention of local rule). Again similar to the prior motion's briefing scenario, the Court notes that it has also reviewed the latest impermissible filing and concludes that even if the document were properly before this Court for consideration, its contents would not alter the outcome set forth herein in regard to the latest motion for summary judgment.

### C. Summary Judgment Analysis

Plaintiff's Amended Complaint presents an individual capacity claim under 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

Thus, in order to prevail on his § 1983 claim, Plaintiff must show that, while acting under color of state law, Defendant deprived him of a right secured by the Federal Constitution or laws of the United States. *See Wolotsky v. Huhn,* 960 F.2d 1331, 1335 (6th Cir. 1992).

While understandably noting the overall lack of clarity of the Amended Complaint, Defendant argues that he is entitled to summary judgment on the overarching theory that he was only enforcing a content-neutral ordinance that prohibits the placement of signs in the right-of-

way.  In an affidavit, Defendant states:

> 5. The signs I removed from the right-of-way in front of 3024 Hudson Street on July 14, 2008 were removed solely because they were placed in the right-of-way, which is a violation of Section 902.02 of the Columbus City Codes.  The content of the signs had nothing whatsoever to do with my enforcement action, and at no time in my contacts with Mr. Featherstone did I mention the content of the signs.
>
> 6. The enforcement action that is the subject of this lawsuit was initiated by a complaint that was received by Code Enforcement and forwarded to me on July 8, 2008.  I do not know who made the complaint to Code Enforcement.  At the time I removed the signs from the right-of-way in front of 3024 Hudson Street, I observed no other signs on that neighborhood in violation.

(ECF No. 32-2 ¶¶ 5-6.)  Plaintiff disagrees with these factual representations, however, and states in his own affidavit that "Hank Graham said the signs were removed because of the content that was on them" and that "Hank Graham said that he could choose which yard to have signs removed."  (ECF No. 33 ¶¶ 16-17.)

The competing representations present a genuine dispute over material facts.  Defendant asserts in his reply memorandum that Plaintiff's affidavit is insufficient to preclude summary judgment, arguing that "Plaintiff has failed to establish any essential element of his case upon which he would bear the ultimate burden at trial.  Rather Plaintiff's affidavit merely reasserts his conclusory allegations and denials from prior pleadings."  (ECF No. 35, at 3.)  But Defendant's rationale ignores the specific statements of fact made by Plaintiff.  Plaintiff has offered evidence that, necessarily accepted as true for summary judgment purposes, points to impermissible motivation for Defendant's actions.  There is no apparent dispute over whether the city ordinance is content-neutral, but there is a dispute over whether Defendant applied the ordinance and removed the signs based on their content while permitting other material to remain in neighborhood right-of-ways.

As a second, alternative ground for summary judgment, Defendant separately argues that he is entitled to prevail on the First Amendment component based on qualified immunity. The doctrine of qualified immunity, under certain circumstances, operates to shield from civil liability governmental officials who are performing official duties. *Sinick v. County of Summit*, 76 F. App'x 675, 678-79 (6th Cir. 2003). This affirmative defense is meant to safeguard an official's proper decision making process and offers that party potential relief from frivolous suits. *See D'Agastino v. City of Warren*, 75 F. App'x 990, 993 (6th Cir. 2003).

The Sixth Circuit has also explained that qualified immunity "shields government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.' " *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In addition to shielding officials from liability, qualified immunity may entitle the official to not stand trial or face the other burdens of litigation. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

In addressing the potential applicability of qualified immunity, a court asks two questions: (1) "whether, on the plaintiff's facts, there has there been a violation." and (2) "whether that violation involved 'clearly established constitutional rights of which a reasonable person would have known.' " *Hoover v. Radabaugh*, 307 F.3d 460, 465 (6th Cir. 2002) (quoting *Dickerson v. McClellan*, 101 F.3d 1151, 1158 (6th Cir. 1996)). A court "may exercise its 'sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand.' " *Mingus v. Butler*, 591 F.3d 474, 479 (6th Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223, ___, 129 S.Ct. 808, 818 (2009)).

Qualified immunity thus provides that an official can be found to have violated the Constitution, but be granted immunity for *reasonable* mistakes as to the legality of his or her action. *Everson v. Leis*, 556 F.3d 484, 494 (6th Cir. 2009). The reasonableness of such mistakes is inherently dependant upon the clarity of the legal constraints governing the particular conduct involved. The Supreme Court has therefore explained that "[t]he contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). *See also Wegener v. City of Covington*, 933 F.2d 390, 392 (6th Cir. 1991) ("A public official is entitled to qualified immunity for conduct in performing discretionary functions so long as that conduct does not violate clearly established statutory or constitutional rights of which a reasonable [official] would have known").

In determining whether a defendant is entitled to qualified immunity, "[t]he ultimate burden of proof is on [the plaintiff] to show that [the defendants] are not entitled to qualified immunity." *Wegener*, 933 F.2d at 392. *See also Russo v. City of Cincinnati*, 953 F.2d 1036, 1043 (6th Cir. 1992). Further, "[w]hen ruling on qualified immunity, the district court should indicate the clearly established right at issue and the factual basis for its conclusion that a genuine issue exists as to the commission of acts violating that right." *Wegener*, 933 F.2d at 392 (citing *Poe v. Haydon*, 853 F.2d 418, 423-24, 426 (6th Cir. 1988)).

Plaintiff does not present a qualified immunity rebuttal, but the effect of the factual dispute recognized above is obvious. There is a factual dispute as to whether Defendant violated Plaintiff's First Amendment constitutional rights, rights that are clearly established so that a reasonable government actor would have been aware of their existence. The Court therefore

cannot agree with Defendant that in light of the summary judgment context involved here, "the evidence clearly establishes . . . that Defendant . . . was acting in an objectively reasonable manner" so as to warrant successful invocation of the qualified immunity doctrine. (ECF No. 32, at 7.) Consequently, this Court **DENIES** summary judgment on that portion of Plaintiff's § 1983 claim predicated on the First Amendment.

Plaintiff's Fourth Amendment component fares less well. Defendant argues in his briefing that "Plaintiff has added a Fourth Amendment claim without explanation of its purported basis other than the statement 'secure in home and property.' " (ECF No. 32, at 5.) Defendant then reasons that his actions do not rise to the level of a search under the Fourth Amendment. In his memorandum in opposition, Plaintiff neither addresses this contention nor clarifies his claim. This is problematic for Plaintiff because although the Court must draw all reasonable inferences in his favor, Plaintiff as the nonmoving party must nonetheless set forth specific facts showing that there is a genuine issue of material fact for trial in regard to this aspect of his § claim. By failing to explain his claim or how the evidence connects to the Fourth Amendment, Plaintiff has failed to make a showing sufficient to establish the existence of an element that is essential to this aspect of his claim. The Court therefore **GRANTS** summary judgment on the Fourth Amendment component of this case without discussing in detail Defendant's alternative qualified immunity argument. The Court notes, however, that there is no apparent Fourth Amendment violation here.

This leaves for discussion the Fourteenth Amendment component of Plaintiff's claim. Plaintiff pleads that Defendant violated his due process and equal protection rights. Defendant argues that he is entitled to summary judgment because, given that they are predicated on the

8

same allegation of unequal treatment, Plaintiff's due process claim essentially folds into his equal protection claim and Plaintiff cannot point to evidence supporting the elements of selective enforcement. *See Albright v. Oliver*, 510 U.S. 266, 273 (1994) ("Where a particular Amendment 'provides an explicit textual source of constitutional protection' against a particular sort of government behavior, 'that Amendment, not the more generalized notion of "substantive due process," must be the guide for analyzing these claims.' " (quoting *Graham v. Connor*, 490 U.S. 386, 395 (1989))). *See also County of Sacramento v. Lewis*, 523 U.S. 833, 843 (1998) ("*Graham* simply requires that if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." (quoting *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997))).

Defendant does not explain in his briefing what process he thinks he was due that he was denied. He also does not explain or point to any facts supporting his allegation of selective enforcement. The Court notes that Plaintiff states in his Amended Complaint that he was "treated as a black slave," which would suggest a race-based claim, but Plaintiff has pointed to no summary judgment evidence to support this pleading. (ECF No. 28, at 2.) Considering Plaintiff's actual summary judgment evidence and necessarily accepting the factual allegations set forth in his affidavit as true, the Court recognizes that a reasonable factfinder could find only that Defendant stated that he could choose which signs to remove, not that Defendant has actually engaged in such behavior. (ECF No. 33 ¶ 17.) Plaintiff fails to direct this Court to any evidence of selective enforcement, while Defendant states in his affidavit that "[i]n 2008, [he] handled over 150 enforcement actions to have items removed from the right-of-way throughout

9

the city of Columbus" (ECF No. 32-2 ¶ 7) and that "[a]t the time I removed the signs from the right-of-way in front of 3024 Hudson Street, I observed no other signs in that neighborhood in violation (ECF No. 32-2 ¶ 6).

The Court is cognizant that Plaintiff does state in his affidavit that "[t]here are as this Affidavit is being written basketball goals and landscaping materials throughout the neighborhood in the right-of-way." (ECF No. 33 ¶ 11.)  There is no indication of when the affidavit was written as opposed to its signature date of January 12, 2011, but it appears that Plaintiff is attempting to rely on non-sign objects in the right-of-way in 2011 to create an inference of selective enforcement for conduct that occurred in 2008.[2]  Plaintiff fails to point to any evidence that Defendant is involved in any 2011 decisions regarding any such objects or that removal proceedings are or are not already under way in regard to these 2011 objects.  Resolving this aspect of the motion in Plaintiff's favor would require connecting apparently unrelated events set apart by years and piling unwarranted inference upon inference based on this Court's charitable speculation and not on any argument or connecting evidence that Plaintiff has supplied.  Accordingly, the Court **GRANTS** summary judgment on the Fourteenth Amendment component of Plaintiff's claim, also without discussing in detail Defendant's alternative qualified immunity argument.  The Court notes, however, that there is no apparent Fourteenth Amendment violation here.

---

[2] The Court notes that Plaintiff points to other ordinances than Section 902.02 and asserts in his stricken sur-reply memorandum that his signs were not in the right-of-way.  Even if this filing were properly before this Court for consideration, it would not salvage the Fourteenth Amendment component of the § 1983 claim given that Plaintiff would be relying on items he indicates are in the right-of-way to prove selective enforcement for the removal of signs he argues were not in the right-of-way.

### III.  Conclusion

This Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion for summary judgment.  (ECF No. 32.)  The Court enters summary judgment in Defendant's favor on those portions of Plaintiff's claim predicated on the Fourth and Fourteenth Amendments, but declines to enter summary judgment on that portion of Plaintiff's § 1983 claim predicated on the First Amendment.

**IT IS SO ORDERED**.

                /s/ Gregory L. Frost
              GREGORY L. FROST
              UNITED STATES DISTRICT JUDGE